■ MICHAEL P. CICCO, Appellant, v FRED S. DUROLEK et al., Respondents. (Appeal No. 2.) [47 NYS3d 198]—

Appeal from an order of the Supreme Court, Niagara County (Frank Caruso, J.), entered March 16, 2016. The order, inter alia, denied those parts of the motion of plaintiff for partial summary judgment on the issues of whether he sustained a serious injury and whether he incurred economic loss in excess of basic economic loss.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this action to recover damages for personal injuries, plaintiff appeals from an order that, inter alia, denied those parts of his motion for partial summary judgment on the issues of whether he sustained a serious injury as a result of

the motor vehicle accident and whether he incurred economic loss in excess of basic economic loss. We affirm. With respect to the issue of serious injury, and even assuming, arguendo, that plaintiff met his initial burden of demonstrating his entitlement to judgment as a matter of law (*see DeAngelis v Martens Farms, LLC*, 104 AD3d 1125, 1126-1127 [2013]; *Monette v Trummer* [appeal No. 2], 96 AD3d 1547, 1549 [2012]), we conclude that defendants raised a triable issue of fact concerning whether plaintiff's injuries were causally related to the accident or the result of a preexisting injury to his lumbar spine (*see DeAngelis*, 104 AD3d at 1126-1127; *Monette*, 96 AD3d at 1549). On this record, it is not possible to determine as a matter of law whether the injuries of plaintiff that were objectively ascertained after the accident were the same injuries that were objectively ascertained before the accident. To the contrary, the conflicting opinions of the parties' respective experts warrant a trial on the issue of serious injury (*see Cooper v City of Rochester*, 16 AD3d 1117, 1118 [2005]; *see generally Selmensberger v Kaleida Health*, 45 AD3d 1435, 1436 [2007]).

We likewise conclude that there are triable issues of fact concerning whether plaintiff sustained economic losses in excess of basic economic loss as a result of the accident (*see Colvin v Slawoniewski*, 15 AD3d 900, 900 [2005]; *cf. Wilson v Colosimo*, 101 AD3d 1765, 1767 [2012]; *Hartman-Jweid v Overbaugh*, 70 AD3d 1399, 1400-1401 [2010]; *see generally* Insurance Law §§ 5102 [a]; 5104 [a]). Present—Carni, J.P., Lindley, NeMoyer, Troutman and Scudder, JJ.